IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL SANBORN | : | CIVIL ACTION |
| | : | |
| v. | : | No. 13-224 |
| | : | |
| CAROLYN W. COLVIN,[1] | : | |
| Acting Commissioner of Social Security | : | |

# ORDER

AND NOW, this 11th day of August, 2014, upon consideration of Plaintiff Michael Sanborn's Brief and Statement of Issues in Support of Request for Review and the Commissioner of Social Security's response thereto, and after careful and independent review of the Report and Recommendation of United States Magistrate Judge Thomas J. Rueter, Plaintiff's objections thereto, and the Commissioner's response, it is ORDERED:

1. Plaintiff's objections to the Report and Recommendation (Document 14) are OVERRULED;[2]

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Federal Rule of Civil Procedure 25(d), Colvin is substituted for Michael J. Astrue as the Defendant in this case.

[2] Sanborn seeks review of the denial of his application for a period of disability and disability insurance benefits by the Commissioner of Social Security. In a decision issued on September 30, 2009, an Administrative Law Judge (ALJ), applying the five-step sequential evaluation process for determining whether an individual is disabled, *see* 20 C.F.R. § 404.1520, found Sanborn suffered from the severe impairments of cervical radiculopathy and bilateral carpal tunnel syndrome from January 3, 2007, to July of 2008. The ALJ also found that as of July 2008, Sanborn suffered from a mild compression fracture of a vertebra with an additional diagnosis of back pain. The ALJ concluded, however, these impairments do not meet or medically equal a listed impairment. Upon consideration of the record, the ALJ determined Sanborn retained the residual functional capacity to perform light work but he must have a sit/stand option, and found there were jobs in significant numbers in the national economy which Sanborn could perform.

In his request for review, Sanborn asserted the ALJ's decision is not supported by substantial evidence because the ALJ (1) erred at step two of the sequential analysis in describing Sanborn's severe, medically determinable impairments; (2) improperly analyzed medical opinion evidence; (3) erred in assessing Sanborn's credibility; and (4) incorrectly relied

upon the testimony of the Vocational Expert (VE). On April 16, 2014, Judge Rueter issued a Report and Recommendation (R&R) addressing each of these alleged errors, concluding the ALJ's decision was supported by substantial evidence, and recommending Sanborn's request for review be denied. In his objections to the R&R, Sanborn objects to Judge Rueter's resolution of all of the issues he initially raised in his request for review. Under 28 U.S.C. § 636(b)(1), this Court reviews de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." Upon de novo review of the record, and in light of the fact Judge Rueter already fully considered and addressed the arguments Sanborn advances in his objections, Sanborn's objections are overruled for the reasons stated in the R&R. The Court will, however, briefly address a few of Sanborn's arguments.

As to the first issue, the Court agrees with Judge Rueter that the ALJ's description of Sanborn's impairments in step two of the analysis did not impact the ALJ's assessment of Sanborn's residual functional capacity (RFC). In his objections, Sanborn asserts the ALJ specifically failed to consider the impact of bilateral carpel tunnel syndrome at the latter steps in the analysis as demonstrated by the lack of manipulative limitations in the RFC. However, the ALJ's discussion, which includes an in-depth analysis of Sanborn's doctors' reports discussing Sanborn's carpel tunnel syndrome and grip strength, demonstrates the ALJ properly considered all of Sanborn's impairments throughout her evaluation, regardless of her description of the impairment in step two.

Next, Sanborn reasserts his claim that the ALJ ignored evidence favorable to Sanborn's position and instead selectively relied upon evidence that supported her position. As Judge Rueter explained, a reviewing court may not set the Commissioner's decision aside if it is supported by substantial evidence, even the court would have decided the factual inquiry differently. *See Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). Accordingly, this Court may not re-weigh the evidence or substitute its determinations for those of the ALJ. *See Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002). The Court agrees with Judge Rueter's conclusion that the ALJ did not merely mention the evidence favorable to Sanborn's position, but thoroughly reviewed both Dr. Richard A. Kaplan's and Dr. Ira Rubenfeld's reports and explained her reasons for rejecting portions of the doctors' opinions as inconsistent with other substantial evidence. Sanborn also objects to Judge Rueter's finding the ALJ properly addressed the assessment of Kunjan Shah, a physician assistant. He reasserts his claim that because the ALJ failed to consider the consistency of Shah's assessment with the other evidence, the ALJ did not properly apply the factors listed in Social Security Ruling (SSR) 06-03p, which applies to reviewing assessments by providers who are not physicians. As Judge Rueter pointed out, SSR 06-03p specifically states not every factor for weighing opinion evidence will apply in every case, and the Court agrees with Judge Rueter's finding that the ALJ fully reviewed Mr. Shah's opinion and appropriately analyzed it in light of the applicable SSR 06-03p factors. The Court also finds substantial evidence in the record supports the ALJ's decision to credit the opinions of Lisa Bitton and Dr. Candelaria Legapsi, even if the ALJ did not specifically mention that Bitton's notes stated Sanborn reported pain with activity and Dr. Legapsi did not treat Sanborn.

As to the third issue, Sanborn objects to Judge Rueter's finding that any error by the ALJ in failing to discuss Sanborn's work history is harmless because the ALJ adequately assessed Sanborn's credibility. An ALJ may reject a claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. *See Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 433 (3d Cir. 1999). First, work history is only one of many factors an

ALJ may consider in assessing a claimant's credibility and an ALJ is not required to equate a long work history with enhanced credibility. *See Thompson v. Astrue*, No. 09-519, 2010 WL 3661530, at *5 (W.D. Pa. Sept. 20, 2010). In making this objection, Sanborn relies on cases in which courts have viewed the testimony of claimants with long and productive work histories as highly credible. However, in many of these cases, the ALJ had improperly used the fact the plaintiff tried to return work against the plaintiff. *See McGinnis v. Comm'r of Soc. Sec.*, No. 12-1395, 2013 WL 6710344, at *12 (W.D. Pa. Dec. 18, 2013) (finding the ALJ should not have relied upon plaintiff's unsuccessful attempts to return to work as a circumstantial evidence of an ability to perform work of a less demanding nature but should instead have considered her long work history as a factor when assessing her credibility); *Sementilli v. Astrue*, No. 08-340, 2010 WL 521183, at *8 (W.D. Pa. Feb. 8, 2010) (criticizing the ALJ for only mentioning plaintiff's unsuccessful attempt to return to work as circumstantial evidence of the ability to perform work and directing the ALJ to consider plaintiff's long work history and attempts to return in his analysis of plaintiff's credibility). Second, even if the ALJ erred in failing to discuss Sanborn's work history, any error was harmless because the ALJ detailed other evidence in the record that called into question Sanborn's credibility including medical reports, Sanborn's medications, statements Sanborn made about his symptoms, his ability to perform basic activities, and the effectiveness of treatment in controlling his symptoms. This Court agrees with Judge Rueter that the ALJ properly considered the record as a whole in assessing Sanborn's credibility, even if the ALJ did not mention Sanborn's work history.

Lastly Sanborn objects to Judge Rueter's finding that there was no harm in the ALJ's failure to ask the VE if the jobs she identified in response to the ALJ's hypothetical were consistent with the Directory of Occupational Titles (DOT). SSR 00-4p provides that occupational evidence provided by the VE should be consistent with the occupational information supplied by the DOT and the ALJ has a duty to resolve any conflicts between the VE's testimony and the DOT before relying on the VE's testimony. Here, the ALJ included a sit/stand option in the hypothetical presented to the VE, but the DOT does not include sit/stand options in job descriptions. Sanborn argues that because the ALJ did not specify in her hypothetical the amount of sitting or standing Sanborn required, a remand is required to determine whether there is a conflict between the DOT and the VE's testimony.

The DOT, however, is not comprehensive, and the Court agrees with Judge Rueter that just because the DOT does not cover the sit/stand option, the DOT and the testimony of the VE are not necessarily inconsistent in this regard. Further, as Judge Rueter explained, even if there was a conflict, an unexplained inconsistency is not per se fatal to the ALJ's determination. Here, the ALJ obtained detailed responses from the VE about various jobs Sanborn could perform given his weight-lifting restrictions and need for a sit/stand option. The VE explained that someone with Sanborn's limitations could be a parking lot cashier or office helper. R. at 58. In response to Sanborn's attorney's question if those jobs could accommodate Sanborn's need to occasionally only use one hand, the VE responded that a person with such limitations could perform a light duty job like furniture rental clerk or information clerk, and that these jobs could be performed with a sit/stand option. R. at 59-60. In his objections, Sanborn argues the DOT indicates furniture rental clerk and information clerk positions involve standing and therefore, there is a potential conflict between the DOT job description and the VE testimony. But the VE did not state that the furniture rental clerk or information clerk positions would *not* involve standing; he simply testified that both occupations could probably, depending on the situation,

2.  The Report and Recommendation (Document 13) is APPROVED and ADOPTED;

3.  Plaintiff's Request for Review (Document 9) is DENIED;

4.  Judgment is entered affirming the decision of the Commissioner of Social Security; and

5.  The Clerk of Court is directed to mark this case CLOSED.

BY THE COURT:

 /s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

allow for a sit/stand option. R. at 60. Thus, any failure to inquire about conflicts was harmless, as the questions by the ALJ and Sanborn's attorney resolved any potential conflicts between the VE's testimony and the DOT. *See also Jackson v. Barnhart*, 120 F. App'x 904, 906 (3d Cir. 2005) ("Where substantial evidence supports the ALJ's opinion and where the failure to solicit the testimony contemplated in SSR 00–4p is harmless, this court will not reverse the ALJ's decision.").

Sanborn also attached to his objections a copy of an ALJ decision finding that Sanborn had been disabled from October 1, 2009, through the date of the decision (September 15, 2011) and awarding benefits. This finding is immaterial to the issue presented in this case. First, the only evidence that may be considered in assessing whether substantial evidence supports the ALJ's decision is the administrative record at the time of the ALJ's decision. *See Matthews v. Apfel*, 239 F.3d 589, 593 (3d Cir. 2001). The later decision occurred after the ALJ's decision in this case. Second, the issue in this case is whether substantial evidence supports the ALJ's decision that Sanborn was not disabled on or before September 20, 2009, the date of the ALJ's decision, whereas the subsequent decision concerned the period of time after September 20, 2009. *See Jackson v. Astrue*, 402 F. App'x 717, 718 (3d Cir. 2010) ("Standing alone, the fact that the Commissioner subsequently found claimant to be disabled does not warrant remand or reversal in the absence of new and material evidence . . . ."). The later decision is therefore irrelevant.

Because substantial evidence supports the ALJ's determination, Sanborn's objections to the R&R are overruled.